IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PASHSA & SINA, INC. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:21-CV-01840-E |
| | § | |
| THE TRAVELERS HOME AND | § | |
| MARINE INSURANCE COMPANY, | § | |
| AND DOUG SALSBURY | § | |
| | § | |
| Defendant. | § | |

## <u>MEMORANDUM OPINION</u>

On September 30, 2022, the Court issued an order, (Doc. 21), **DENYING** Plaintiff Pasha & Sina, Inc.'s motion to remand, (Doc. 9), with opinion to follow. Below is the Court's reasoning for denying the motion to remand.

### I.  Background

This case concerns a dispute over a commercial property insurance policy between Plaintiff Pasha & Sina Inc. ("Plaintiff") and the Traveler's Home and Marine Insurance Company ("Travelers"). Plaintiff is incorporated in the state of Texas with its principal place of business in Texas. Travelers is incorporated in the state of Connecticut with its principal place of business in Connecticut.

Plaintiff purchased the insurance policy from Travelers for Plaintiff's commercial property located at 2708 Routh St., Dallas, Texas 75201. Plaintiff attempted to recover under this policy by filing an insurance claim for damage to the property caused by roof leaks. Travelers assigned co-Defendant Doug Salsbury ("Salsbury"), a citizen of the state of Texas, to adjust Plaintiff's

1

insurance claims. Following a dispute over the extent of the covered damages, Plaintiff filed its original petition against Travelers and Salsbury in the County Court at Law No. 2 of Dallas County, Texas. (Doc. 1-1). There, Plaintiff asserted the following causes of action against both Travelers and Salsbury: (1) negligence; (2) negligent misrepresentation; (3) common-law fraud; (4) fraud by nondisclosure; (5) violation of the duty of good faith and fair dealing; and (6) violation of Chapter 542 of the Texas Insurance Code.

Subsequently, Travelers timely removed the suit to this Court, alleging that Salsbury—as an in-state defendant—was improperly joined. (Doc. 1). Plaintiff then responded with a motion to remand, asserting that joinder was not improper and that this Court lacked subject-matter jurisdiction due to a lack of complete diversity. (Doc. 9).

## II.  Legal Standard

### a.   Removal Jurisdiction

Title 28 U.S.C. § 1441(a) permits removal of any civil action brought in state court of which the district courts of the United States would have original jurisdiction.  This case was removed based on diversity jurisdiction, 28 U.S.C. § 1332. (Doc. 1). Diversity jurisdiction requires complete diversity whereby "all persons on one side of the controversy [are] citizens of different states than all persons on the other side." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008). Moreover, "[b]ecause removal raises significant federalism concerns, the removal statute is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand". *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008). However, complete jurisdiction is not defeated if joinder of an in-state defendant is improper.

2

b.   Improper Joinder

"The doctrine of improper joinder is a narrow exception to the rule of complete diversity, and the burden of persuasion on a party claiming improper joinder is a heavy one*." Campbell v. Stone Ins. Inc.*, 509 F.3d 665, 669 (5th Cir. 2007) (internal quotation marks and citations omitted). There are two ways to establish improper joinder: (1) actual fraud in the pleading of jurisdiction facts, or (2) inability of the plaintiff to establish a cause of action against the nondiverse party in state court. *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). In the instant case, only the latter method of proving improper joinder is at issue.

To assess whether a plaintiff can establish a cause of action against a non-diverse party in state court, the Court conducts a Rule 12(b)(6)-type analysis. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp.*, Ltd., 818 F.3d 193, 208 (5th Cir. 2016). In other words, to find that Salsbury is improperly joined, the Court must conclude that there is no reasonable basis for the Court to predict that the Plaintiff might be able to recover against Salsbury. *Smallwood*, 385 F.3d 568, 573 (5th Cir. 2004). The analysis utilizes the federal pleading standards incorporated in *Bell Atl. Corp. v. Twombly*. 550 U.S. 544, 570 (2007) (requiring plaintiffs to plead enough facts "to state a claim to relief that is plausible on its face."). To survive this analysis, Plaintiffs must "plead [ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged". *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court will accept well pleaded facts as true and construes the complaint in the light most favorable to Plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012). The Court will not accept as true "legal conclusions couched as factual allegations." *Iqbal*, 556 U.S. at 678.

3

### III. Analysis

The Court finds that Plaintiff improperly joined Salsbury because Plaintiff has not established a claim against him. Plaintiff alleges six causes of action against Salsbury: (1) negligence, (2) negligent misrepresentation, (3) common law fraud, (4) fraud by non-disclosure; (5) violation of the duty of good faith and fair dealing; and (6) violation the Prompt Payments of Claims Act, Chapter 542 of the Texas Insurance Code. Plaintiff failed to plead factual content sufficient to allow the Court to draw a reasonable inference that Salsbury is liable on any of these claims.

In Plaintiff's motion to remand, Plaintiff argues that the improper joinder analysis is governed by Texas state pleading standards. (Doc. 9. Pgs. 4-5, ¶¶ 22-26). It is not. It is well-established in the Fifth Circuit that the federal pleading standard governs the Rule 12(b)(6)-type analysis in determining whether an in-state defendant has been improperly joined. *Int'l Energy*, 818 F.3d at 203-04. Crucially, improper joinder is assessed only on Plaintiff's original state court petition, (Doc. 1-1), and not any post-removal amended complaints, as "the jurisdictional facts that support removal must be judged at the time of removal[.]" *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326 (5th Cir. 1995) (citation omitted).

    a.   Plaintiff fails to state a claim of negligence against Salsbury.

Under Texas law, "[t]he threshold inquiry in a negligence case is duty." *Elephant Ins. Co., LLC v. Kenyon*, 644 S.W.3d 137, 144 (Tex. 2022) (citation omitted). Plaintiff fails to plead any facts establishing that Salsbury, as an insurance adjuster, owed Plaintiff a duty of care. Instead, Plaintiff's pleadings merely recite the elements of negligence and assert that "SALSBURY's negligence and negligent misrepresentation, as alleged herein, proximately caused the occurrence

4

made basis of this action and Plaintiff's damages in excess of the jurisdictional limits of this Court." (Doc. 1-1, pg. 13, ¶ 54). This conclusory assertion is insufficient to establish a claim of negligence against Salsbury.

      b.  Plaintiff fails to state a claim of negligent misrepresentation, common-law fraud, or fraud by nondisclosure against Salsbury.

In federal court, a plaintiff must plead claims of fraud or mistake with particularity. FED. R. CIV. P. 9(b). While the rule by its terms does not apply to negligent misrepresentation claims, the Fifth Circuit has held that Rule 9(b) applies to such claims when, as here, a plaintiff's fraud and negligent misrepresentation claims are based on the same set of alleged facts. *Benchmark Elecs., Inc. v. J.M. Huber Corp.,* 343 F.3d 719, 723 (5th Cir. 2003). The Rule 9(b) standard requires that plaintiffs plead factual content specifying "the statements (or omissions) considered to be fraudulent, the speaker, when and why the statements were made, and an explanation why they are fraudulent." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005) (citation omitted). Essentially, Rule 9(b) requires that plaintiffs lay out "the who, what, when, where, and how." *Benchmark*, 343 F.3d at 723. Plaintiff's pleadings do not survive this heightened pleading standard with respect to the claims of negligent misrepresentation, common-law fraud, and fraud by nondisclosure.

Under Texas law, both fraud and negligent misrepresentation require a showing that a defendant made a false representation. *See Int'l Bus. Machines Corp. v. Lufkin Indus., LLC*, 573 S.W.3d 224, 228 (Tex. 2019) (common law fraud requires a showing that "the defendant made a material misrepresentation") (citation omitted); *JPMorgan Chase Bank, N.A. v. Orca Assets G.P., L.L.C.,* 546 S.W.3d 648, 653–54 (Tex. 2018) (negligent misrepresentation requires a showing of a

"representation [that] conveyed 'false information' for the guidance of others in their business")
(citation omitted). Thus, to state these claims against Salsbury, Plaintiff must identify discrete
statements made by Salsbury, the content of those statement, when and where those statements
were made, and the form in which those statements were given. Plaintiff does not do so. As with
the negligence claim discussed above, Plaintiff's original petition merely recites the elements of
these claims. (*See* Doc. 1-1, pgs. 13-15, ¶¶ 53-58).

Plaintiff does not point any specific statement made by Salsbury that it alleges is a false
representation. In fact, only twice does Plaintiff even allude to an alleged misrepresentation. To
make matters worse, the first of these representations is attributed to *both* Travelers and Salsbury.
(*See* Doc. 1-1, pg. 4, ¶ 13) ("Defendants TRAVELERS and SALSBURY[]... misrepresented to
Plaintiff that their TRAVELERS policy failed to fully cover the loss at issue[.]"). To state a claim
against an insurance adjuster that is joined with an insurance company, plaintiffs must differentiate
between conduct that is attributable to the adjuster and conduct attributable to the insurance
company. *See DeCluette v. State Farm Lloyds*, 2013 U.S. Dist. LEXIS 21942, 2013 WL 607320,
*3 (N.D. Tex. Feb. 19, 2013) (holding that a plaintiff failed to allege sufficient facts against an
insurance agent because the pleadings attributed the wrongful conduct to both the agent and the
insurance company). Thus, even if this allegation was not conclusory in nature, it cannot form the
basis of a claim of common-law fraud or negligent misrepresentation against Salsbury because
Plaintiff fails to identify the speaker.

The second representation to which Plaintiff alluded, while attributed to Salsbury, fails as
well. Plaintiff alleges that Salsbury "misrepresented to Plaintiff that Plaintiff were (sic) not entitled
to full coverage under the policy for the extensive damage to the property." (Doc. 1-1, pg. 5, ¶ 7).

6

As with the first alleged misrepresentation, Plaintiff does not provide the particulars of the statement. Further, Plaintiff does not identify when or where the statement was made, whether the statement was written or oral, nor how the statement was false. Therefore, this allegation is insufficient to establish a claim of common-law fraud or negligent misrepresentation against Salsbury.

With respect to fraud by nondisclosure, Plaintiff pleads no facts whatsoever that support a reasonable inference of Salsbury's liability. As with negligence, the threshold inquiry in a fraud by nondisclosure claim is duty. *See Bombardier Aerospace Corp. v. SPEP Aircraft Holdings, LLC,* 572 S.W.3d 213, 219 (Tex. 2019) ("Fraud by non-disclosure…occurs when a party has a duty to disclose certain information and fails to disclose it.") (citation omitted). Once again, Plaintiff merely recites the elements of the claim. (*See* Doc. 1-1, pgs. 15-16, ¶ 57). This time, however, Plaintiff does not include even conclusory statements to support this claim. Plaintiff pleads no facts whatsoever to establish that Salsbury had a duty to disclose certain information, let alone that he failed to do so. As such, Plaintiff has not established a claim of fraud by nondisclosure against Salsbury.

    c.  As a matter of law, Plaintiff cannot state a claim against Salsbury for violation of the Prompt Payment of Claims Act.

Chapter 542 of the Texas Insurance Code only applies to specifically listed "insurers," and, as an adjuster, Salsbury is not an insurer. *Gutierrez v. Allstate Fire & Cas. Ins. Co.*, No. 3:17-CV-0636-D, 2017 U.S. Dist. LEXIS 84253, 2017 WL 2378298, *4 (N.D. Tex. June 1, 2017); TEX. INS. CODE § 542.002. Thus, Plaintiff cannot establish a claim against Salsbury under Chapter 542 of the Texas Insurance Code.

7

d.  Plaintiff fails to state a claim against Salsbury for violation of the duty of good faith and fair dealing.

Under Texas law, a plaintiff can only recover under the duty of good faith and fair dealing from a party to a contract. *See Griggs v. State Farm Lloyds*, 181 F.3d 694, 700-01 (5th Cir. 1999) (citing *Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 698 (Tex. 1994)) (further citations omitted). Plaintiff has alleged no facts indicating that it is a party to a contract with Salsbury. Thus, there is no basis under Texas law for Plaintiff's claim against Salsbury for breach of the duty of good faith and fair dealing.

In sum, none of Plaintiff's claims against Salsbury satisfy the federal pleading standard; therefore, the Court concludes that Salsbury was improperly joined as a party to this lawsuit. Accordingly, Plaintiff's claims against Salsbury are dismissed without prejudice. *See Int'l Energy*, 818 F.3d at 210 ("[T]he only grounds for dismissing any improperly joined, nondiverse party is lack of subject matter jurisdiction…Therefore, the dismissal…must be a dismissal *without* prejudice in every instance.") (emphasis in original). Because disregarding Salsbury's nondiverse citizenship results in complete diversity between Plaintiff and State Farm, the Court finds that it has subject-matter jurisdiction over this case and denies Plaintiff's motion to remand.

### IV. Conclusion

For the reasons stated above, the Court finds that Defendant Doug Salsbury was improperly joined. Accordingly, in its September 30, 2022 Order, (Doc. 21), this Court **DENIED** Plaintiff's motion to remand, **DISMISSED WITHOUT PREJUDICE** the claims against Salsbury. The Court notes, however, that Plaintiff has already filed an amended complaint. (Doc. 8). In response, Salsbury has filed a motion to dismiss the claims against him for failure to state a claim. (Doc. 11).

8

In the same September 30, 2022 Order denying Plaintiff's motion to remand, the Court granted Salsbury's motion to dismiss. (Doc. 21). A separate opinion providing the Court's reasoning for that denial is forthcoming.

Ada Brown
UNITED STATES DISTRICT JUDGE