IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PASHSA & SINA, INC. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:21-CV-01840-E |
| | § | |
| THE TRAVELERS HOME AND | § | |
| MARINE INSURANCE COMPANY, | § | |
| AND DOUG SALSBURY | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

On September 30, 2022, this Court issued an Order, (Doc. 21), that: (1) denied Plaintiff Pasha & Sina, Inc.'s Motion to Remand, (Doc. 9), with an opinion explaining the ruling to follow; and (2) granted Defendant Doug Salsbury's Rule 12(b)(6) Motion to Dismiss, (Doc. 11), with an opinion explaining the ruling to follow. This Memorandum Opinion and Order **VACATES** and **SUPERSEDES** only the portion of the September 30, 2022 Order, (Doc. 21), granting the Motion to Dismiss.

The Court *sua sponte* reviews whether it has subject-matter jurisdiction over this civil action. For the reasons discussed below, the Court concludes that it does not. Accordingly, the Court **DENIES** as moot Defendant Doug Salsbury's Motion to Dismiss, (Doc. 11), and **REMANDS** the case to state court.

I. Background

This case arises out of a dispute over an insurance policy covering a commercial property. Plaintiff Pasha & Sina, Inc. ("Plaintiff"), a citizen of the state of Texas, purchased an insurance policy from Defendant Travelers Home and Marine Insurance Company ("Travelers"), a citizen

1

of the state of Connecticut. The policy covered one of Plaintiff's commercial properties in Dallas, Texas. When Plaintiff attempted to recover under this policy for damage to the property, Travelers assigned Defendant Doug Salsbury ("Salsbury"), a claims adjuster and citizen of the state of Texas, to adjust Plaintiff's insurance claims.

Following a dispute over the extent of the covered damages, Plaintiff filed its Original Petition and Jury Demand ("Original Complaint") against Travelers and Salsbury in the County Court at Law No. 2 of Dallas County, Texas. (Doc. 1-1). Plaintiff asserted the following causes of action against both Travelers and Salsbury: (1) negligence; (2) negligent misrepresentation; (3) common-law fraud; (4) fraud by nondisclosure; (5) violation of the duty of good faith and fair dealing; and (6) violation of Chapter 542 of the Texas Insurance Code. Subsequently, Travelers timely removed the suit to this Court based on diversity jurisdiction, alleging that this Court has subject-matter jurisdiction because Salsbury—a non-diverse defendant—was improperly joined. (Doc. 1). In response, Plaintiff filed a Motion to Remand, asserting that Salsbury's joinder was not improper and that this Court lacked subject-matter jurisdiction due to a lack of complete diversity among the parties. (Doc. 9).

On September 30, 2022, this Court issued an Order that, among other things, denied Plaintiff's Motion to Remand with an opinion to follow and dismissed the claims against Salsbury without prejudice. (Doc. 21). On October 14, 2022, this Court issued its Memorandum Opinion explaining the portion of the September 30, 2022 Order that denied Plaintiff's Motion to Remand. (Doc. 22). The Court explained that Salsbury had been improperly joined because the factual allegations in Plaintiff's Original Complaint were insufficient to establish any of the above-mentioned causes of action against him. (Doc 22). Accordingly, this Court dismissed the claims

against Salsbury without prejudice; thus, complete diversity of citizenship existed between the remaining parties, and this Court retained jurisdiction. (Doc 22).

Before filing its Motion to Remand, Plaintiff filed its First Amended Complaint ("Amended Complaint") in federal court on August 30, 2021. (Doc. 8). The Amended Complaint asserts against Travelers and Salsbury the six claims present in the Original Complaint as well as additional claims under Chapter 541 of the Texas Insurance Code and § 17.46 of the Deceptive Trade Practices Act. (Doc 8, pg. 21-23, ¶¶ 77-78). In support of the additional claims, the Amended Complaint also includes factual allegations that were not present in the Original Complaint. (Doc. 8, pgs. 3-6, ¶¶ 11-18).

Salsbury has since filed a Rule 12(b)(6) Motion to Dismiss ("Motion to Dismiss"), addressing each of the claims included in Plaintiff's Amended Complaint. (Doc. 11). In the September 30, 2022 Order discussed above, this Court granted that Motion to Dismiss with opinion to follow. (Doc. 21). However, upon further review of the Amended Complaint, the Court recognizes that Plaintiff has adequately stated a claim against Salsbury. Therefore, because Salsbury is a properly joined defendant who shares citizenship with the Plaintiff, this Court must *sua sponte* revisit its basis for retaining subject-matter jurisdiction.

### II. Legal Standard

    a. <u>Removal Jurisdiction</u>

Title 28 U.S.C. § 1441(a) permits removal of "any civil action brought in [s]tate court of which the district courts of the United States would have original jurisdiction." 28 U.S.C. § 1441(a). The statute allows a defendant to "remove a state court action to federal court only if the action could have originally been filed in federal court." *Anderson v. American Airlines, Inc.*, 2

3

F.3d 590, 593 (5th Cir. 1993). However, "[b]ecause removal raises significant federalism concerns, the removal statute must be strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand." *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (internal quotations omitted); *see also Shamrock Oil & Gas Corporation v. Sheets*, 313 U.S. 100, 108-109 (1941). "The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *see Gutierrez*, 543 F.3d at 251.

This case was removed based on diversity jurisdiction per 28 U.S.C. § 1332. (Doc. 1). Diversity jurisdiction requires complete diversity whereby "all persons on one side of the controversy [are] citizens of different states than all persons on the other side." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008). This Court can exercise jurisdiction on the basis of diversity of citizenship after removal only if three requirements are met: (1) the parties are of completely diverse citizenship, *see* 28 U.S.C. § 1332(a); (2) none of the properly joined defendants is a citizen of the state in which the case is brought, *see* 28 U.S.C. § 1441(b); and (3) the case involves an amount in controversy greater than $75,000, *see* 28 U.S.C. § 1332(a).

Even if a defendant has the same citizenship as the plaintiff, a federal court may exercise removal jurisdiction if the plaintiff has improperly joined the non-diverse defendant. *See Campbell v. Stone Ins. Inc.* 509 F.3d 665, 669 (5th Cir. 2007) ("The doctrine of improper joinder is a narrow exception to the rule of complete diversity . . . .") (internal quotations omitted). There are two ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). In the instant case, only the latter method of proving improper joinder is at issue.

To assess whether a plaintiff can establish a cause of action against a non-diverse party in state court, courts conduct a "Rule 12(b)(6)-type analysis." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp.*, Ltd., 818 F.3d 193, 200 (5th Cir. 2016). "[T]he Rule 12(b)(6) analysis necessarily incorporates the *federal* pleading standard . . . ." *Id.* (emphasis in original). Thus, to survive this analysis, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court accepts well-pleaded facts as true and construes the Amended Complaint in the light most favorable to Plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012).

  b. *Sua Sponte* Consideration of Subject-Matter Jurisdiction

A court may raise the issue of subject-matter jurisdiction *sua sponte* at any time during litigation if it appears that subject-matter jurisdiction is lacking. *See* 28 U.S.C § 1447(c); ("If at any time before final judgment it appears that the district court lacks subject-matter jurisdiction, the case shall be remanded."); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006) ("The objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation . . . .") (citation omitted); *In re Bass*, 171 F.3d 1016, 1021 (5th Cir. 1999) ("Federal courts must be assured of their subject-matter jurisdiction at all times and may question it *sua sponte* at any stage of judicial proceedings.") (emphasis added).

The Fifth Circuit has indicated that removal jurisdiction must be determined based on claims asserted in the state court petition existing at the time of removal. *See Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995). However, multiple courts in this Circuit have *sua sponte* raised the issue of subject-matter jurisdiction after finding that an amended complaint states a claim against a non-diverse defendant, even after previously finding that the

5

same non-diverse defendant was improperly joined. *See, e.g.*, *Hous. Servs., Inc. v. Alden Torch Fin., LLC*, No. 3:20-CV-1274-S, 2021 WL 325640, at *1-3 (N.D. Tex. Jan. 31, 2021); *Hutchins Warehouse Ltd. Partners v. Am. Auto. Ins. Co.*, Civil Action No. 3:16-cv-3336-G, 2017 WL 2691315, at *1-3 (N.D. Tex. June 22, 2017); *Petree v. Metro. Lloyds Ins. Co. of Tex.*, Civil Action No. 3:16-cv-0735-G, 2016 WL 4211764, at *2-3 (N.D. Tex. Aug. 9, 2016); *Mills Grp. Ltd. v. Oceanografia, S.A. de C.V.*, Civil Action No. H-08-3449, 2009 WL 3756931, at *2 (S.D. Tex. Nov. 6, 2009). Accordingly, this Court will assess whether it has subject-matter jurisdiction over this case based on Plaintiff's Amended Complaint, which was filed before this Court denied Plaintiff's Motion to Remand.

**III. Analysis**

The Court concludes that it does not have subject-matter jurisdiction over this suit. In assessing the Amended Complaint, the Court determines that Plaintiff has adequately stated a claim upon which relief can be granted against Salsbury. Thus, because Salsbury is a properly joined defendant who shares citizenship with Plaintiff, complete diversity of citizenship—as required by 28 U.S.C. § 1332—is lacking.

In its Amended Complaint, Plaintiff asserts various claims against Salsbury and Travelers that were not present in its Original Complaint. Specifically, Plaintiff now alleges that Salsbury and Travelers—singularly and in combination—violated Texas Insurance Code §§ 541.051, 541.060, 541.061, and Texas Business and Commerce Code § 17.46(b). *See* Tex. Ins. Code §§ 541.051, 541.060, 541.061; Tex. Bus. & Comm. Code § 17.46(b). Additionally, the Amended Complaint includes new factual allegations supporting these claims. The Court need not decide whether Plaintiff has sufficiently pled each cause of action; rather, if the Court finds a reasonable

6

basis to predict that Plaintiff can recover on any of the causes of actions included in the Amended Complaint, the Court must remand the entire case. *Smith-Manning v. State Farm Lloyds*, No 3:13-cv-3506-M, 2013 WL 5637539, at *2 (N.D. Tex. 2013) (quoting *Gray ex rel. Rudd v. Beverly Enterprises-Mississippi, Inc.*, 390 F.3d 400, 412 (5th Cir. 2004) ("[The] holistic approach to removal mandates that the existence of a single valid cause of action against in-state defendants, despite the pleading of several unavailing claims, requires remand of the entire case to state court.")). In reviewing the Amended Complaint, the Court determines that Plaintiff has pled sufficient factual content allowing for a reasonable inference that Salsbury could be liable for violating Texas Insurance Code § 541.060. *See* TEX. INS. CODE § 541.060.

Texas Insurance Code § 541.060(a)(2)(A) makes it unlawful to "fail[] to attempt in good faith to effectuate a prompt, fair, and equitable settlement of . . . a claim with respect to which the insurer's liability has become reasonably clear." TEX. INS. CODE § 541.060(a)(2)(A). In support of its claim that Salsbury violated this section, Plaintiff alleges that he:

1. did not inspect all damage and was selective in his examination to promote a predetermined conclusion;

2. failed to use an independent inspector or acknowledge Plaintiff's adjusters and contractors;

3. engaged in a pre-textual investigation to support the theory that the damage in question "old" hail damage;

4. ignored documentation provided by Plaintiff's contractors and adjusters that indicated that the damage was fully reimbursable; and

5. did not provide reasoning to support his assertion that only some of the damage was reimbursable despite numerous requests.

(Doc. 8, pg. 5, ¶¶ 15-16). Plaintiff further alleges that its loss during the policy period exceeded $900,000 in damages. (Doc 8, pg. 6, ¶ 17). Finally, Plaintiff contends that Salsbury's conduct was carried out with the assistance of Travelers "in order to act as a pre-text to avoid paying Plaintiff's

7

Claim where liability was reasonably clear and fully covered . . . ." (Doc 8, pg. 6, ¶ 17). The Court concludes that these factual allegations are sufficient to support a reasonable inference that Salsbury could be liable for a violation of Texas Insurance Code § 541.060(a)(2)(A). *See* TEX. INS. CODE § 541.060(a)(2)(A); *Iqbal*, 556 U.S. at 678.

This conclusion is in line with prior decisions of this Court. On several occasions, this Court has remanded suits to state court after concluding that factual allegations akin to those in the Amended Complaint were sufficient to state a claim against an in-state insurance adjuster under § 541.060(a)(2)(A). *See, e.g.*, *Preston v. Nationwide Prop. & Cas. Ins. Co.*, No. 3:21-CV-00619-X, 2022 WL 160290, at *3 (N.D. Tex. Jan. 18, 2022) (finding allegations that an adjuster's investigation was a "threadbare pretext to deny" plaintiff's claims sufficient); *Arlington Heights Mem'l Post No. 8234 Veterans of Foreign Wars of the United States, Fort Worth, Texas v. Covington Specialty Ins. Co.*, No. 3:16-CV-3112-B, 2017 WL 1929124, at *4 (N.D. Tex. May 10, 2017) (finding allegations that adjuster did not prepare estimates or scope of damages, did not hire qualified experts to assess damages, delayed the claims process, and misrepresented policy coverage sufficient); *Manziel v. Seneca Ins. Co., Inc.*, No. 3:15-CV-03786-M, 2016 WL 3745686 (N.D. Tex. July 13, 2016) (finding allegations that an adjuster falsely represented that there was no hail damage to a property despite findings of plaintiff's own consultants and representatives sufficient). The Court finds no reason to deviate from these prior rulings.

Salsbury argues that Plaintiff's § 541.060(a)(2)(A) allegations fail because they amount to a "bona fide dispute about an insurer's liability under a contract of insurance," which "does not rise to the level of bad faith and cannot support a finding of bad faith or a violation of § 541.060." (Doc. 12, pg. 10) (citing *Hall Arts Ctr. Office, LLC v. Hanover Ins. Co.*, 327 F. Supp. 3d 979, 999 (N.D. Tex. 2018); *Kahlden v. Safeco Ins. Co of Indiana*, No. H-10-2001, 2011 WL 13248494, at

8

\*6 (S.D. Tex. Oct. 10, 2011)). However, the case law Salsbury relies upon does not support his contention that Plaintiff's allegations against him do not survive a Rule 12(b)(6)-type analysis. Crucially, the cases Salsbury refers to the Court were decided at the motion for summary judgement stage; thus, those courts engaged Rule 56(c) analyses rather than Rule 12(b)(6) analyses. *Hall Arts Ctr.*, 327 F. Supp. 3d at 992-99; *Kahlden*, 2011 WL 13248494, at \*4-7. As such, the courts in those cases determined that the disagreements over insurance coverage were bona fide disputes because, after discovery, the evidence indicated that the insurers' liability for the damage in question was not reasonably clear. *Hall Arts Ctr.*, F. Supp. 3d at 999 ("Because Hall Arts has failed to present evidence that established a genuine issue of material fact its claims . . . under § 541.060(a)(2)(A) . . . fail."); *Kahlden*, 2011 WL 13248494, at \*7 ("The record here shows no more than a bona fide dispute between the damage assessments from Defendant's four inspectors, and the contractors hired by Plaintiffs.").

Unlike in those cases, this Court is not engaging in summary judgment analysis with the benefit of a record developed by discovery. Instead, as discussed above, the question of improper joinder is governed by a Rule 12(b)(6)-type standard. *Smallwood*, 385 F.3d at 573. As such, this Court need only ask whether, viewing well-pleaded facts in the light most favorable to Plaintiff, the Amended Complaint pleads enough facts to state a claim that is plausible on its face. *Gines*, 699 F.3d at 816 (citing *Twombly*, 550 U.S. at 570). Applying the federal pleading standard, the Court concludes that—taking the well-pleaded facts discussed above as true—Plaintiff's Amended Complaint includes sufficient factual content to support a reasonable inference that Salsbury is liable for the misconduct alleged. *See Iqbal*, 556 U.S. at 678.

In sum, Plaintiff's Amended Complain adequately states a claim against Salsbury under Texas Insurance Code § 541.060(a)(2)(A) for the purpose of determining the joinder issue. TEX.

9

INS. CODE § 541.060(a)(2)(A). As such, Salsbury is a properly joined defendant in this case. *See Smallwood*, 385 F.3d at 573. Because Salsbury is a citizen of the state of Texas and shares citizenship with Plaintiff, complete diversity—as required under 28 U.S.C. § 1332—is lacking. Thus, this Court does not have subject-matter jurisdiction, and this case must be remanded back to the court from which it came. *See* 28 U.S.C. § 1447(c).

## IV. Conclusion

For the reasons discussed above, this Court has now determined that Plaintiff's Amended Complaint adequately states a cause of action against Salsbury. As such:

1. The portion of this Court's September 30, 2022 Order, (Doc. 21), granting Defendant Doug Salsbury's Rule 12(b)(6) Motion to Dismiss is **VACATED and SUPERSEDED** by this Order and Memorandum Opinion;

2. Defendant Doug Salsbury's Rule 12(b)(6) Motion to Dismiss, (Doc. 11), is **DENIED** as moot; and

3. This action is **REMANDED** to state court for further proceedings.

The Clerk of Court is hereby ordered to close this case and remand it back to the County Court at Law No. 2 of Dallas County, Texas.

**SO ORDERED:** October 26, 2022.

Ada Brown
UNITED STATES DISTRICT JUDGE